James T. RICHARDSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18506.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 28, 1964.

Decided Oct. 29, 1964.

Petition for Rehearing en Banc
Denied Dec. 4, 1964.

Mr. Joseph B. Calandriello (appointed by this court), Washington, D. C., for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Robert X. Perry, Asst. U. S. Attys, were on the brief, for appellee.

Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before BASTIAN, BURGER and McGOWAN, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from conviction for manslaughter as a lesser included offense under an indictment for second degree murder. In the District Court, as here, appellant was represented by able and experienced counsel. The primary contention on appeal is that the District Judge in his charge, to which no objection was made, reflected the court's conclusion that there was no real issue as to the fact that appellant's blows caused the death of decedent. However, from the outset defense counsel seemed to concede this fact, for in his opening statement he told the jury:

> We will show that in the process of defending himself the defendant reached behind him and grabbed a baseball bat and struck the fatal blow to the deceased.

> And after we establish these facts, we hope, ladies and gentlemen, that it will prove to you beyond any doubt that the homicide in this particular case was committed in self-defense of the person of James Richardson.

Defense counsel's closing argument continued the theory of the case as one of self-defense and made no claim that appellant had not caused the death in question. We cannot conclude that the court's charge in these circumstances was error warranting reversal.

Secondly appellant urges that the crime of manslaughter as a lesser included offense should not have been submitted to the jury. But defense counsel

submitted no suggestions in response to the court's request for instructions and objected to the manslaughter instruction only after the charge had been completed. The record reveals much conflict in the testimony of numerous witnesses called by both sides and the evidence as a whole was such as to support a verdict of either second degree murder or manslaughter. We have considered other contentions of appellant and find no error which warrants disturbing the verdict and judgment appealed from.

Affirmed.